IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| WILMINGTON TRUST COMPANY, as Securities Intermediary; FUND HOUSE FCP-SIF-INTERNATIONAL LIFE SETTLEMENTS FUND; GENESIS MERCHANT PARTNERS, LP; SMARTBANK; and J. RANDALL HOOPER and RICHARD J. GETTELFINGER, Co-Executors of the Estate of HERMAN EDWARD GETTELFINGER, | § § § § § § § § § § § | Civil Action No. _____ |
| Defendants. | § § | |

_____

## COMPLAINT IN INTERPLEADER
_____

Plaintiff Minnesota Life Insurance Company ("Minnesota Life"), for its Complaint In

Interpleader, states:

### PARTIES

1.      Minnesota Life is a Minnesota corporation with its principal place of business in

Minnesota.

2.      Defendant Wilmington Trust Company ("Wilmington Trust") is a Delaware

banking corporation with its principal place of business in Delaware.  Wilmington Trust can be

served through its Delaware registered agent, Corporation Service Company, 2711 Centerville

Road, Suite 400, Wilmington, Delaware 19808.

3. Defendant Fund House FCP-SIF-International Life Settlements Fund ("ILSF") is, upon information and belief, a mutual fund organized under the laws of the Grand Duchy of Luxembourg as a specialized investment fund. ILSF's principal place of business is European Bank & Business Centre, Building B, 6 Route de Treves, L-2633 Senningerberg, Grand Duchy of Luxembourg, and can be served at that address.

4. Defendant Genesis Merchant Partners, LP ("Genesis") is a Delaware limited partnership with its principal place of business in Delaware. Genesis can be served through its Delaware registered agent, Stellar Corporation Services, LLC, 3500 South Dupont Highway, Dover, Delaware 19901.

5. Defendant SmartBank ("SmartBank") is a Tennessee banking corporation with its principal place of business in Pigeon Forge, Tennessee. SmartBank can be served through its Tennessee registered agent, William Y. Carroll Jr., 2430 Teaster Lane, Suite 205, Pigeon Forge, Tennessee 37863.

6. Defendants J. Randall Hooper and Richard J. Gettelfinger are the Co-Executors of the Estate of Herman Edward Gettelfinger ("Estate"), which is currently pending in Harrison County, Mississippi.

<u>JURISDICTION AND VENUE</u>

7. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Minnesota Life and all Defendants and more than $75,000.00 is in controversy, exclusive of interest and costs.

8. A separate basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1335, which provides the Court with original jurisdiction over interpleader suits involving the claims of jurisdictionally-diverse individuals to money or property valued at $500.00 or more. As shown

herein, the amount in dispute in this case is $3 million, and minimal diversity exists between Defendants.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1397, which provides that "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." SmartBank resides in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

10. Pursuant to 28 U.S.C. § 2361, Minnesota Life is permitted to serve Defendants anywhere within the United States.

## FACTS

11. On August 14, 2005, Minnesota Life issued two Adjustable Life Summit Policies on the life of Nancy H. Gettelfinger ("Mrs. Gettelfinger"), the insured, bearing Policy Numbers 2-350-013N ("Policy 013N") and 2-348-015N ("Policy 015N"). Each policy has a face amount of $1.5 million, for a total of $3 million.

12. Herman Edward Gettelfinger ("Mr. Gettelfinger"), Mrs. Gettelfinger's husband, was the initial owner and beneficiary of both policies.

13. With a letter dated December 11, 2009, Minnesota Life received from SmartBank a "Collateral Assignment of Life Insurance Policy" from Mr. Gettelfinger, as the assignor, to SmartBank, as the assignee. This assignment assigned to SmartBank $200,000.00 of Policy 015N as additional collateral for a loan to Vol-Kat One, LLC. True and exact copies of the December 11, 2009 SmartBank letter and the "Collateral Assignment of Life Insurance Policy" are attached hereto as Exhibits A and B.

J CEW 143331 v1
2824965-000026  09/23/2014

14.     In July 2010, Minnesota Life received completed and signed forms changing the ownership and beneficiary of both policies from Mr. Gettelfinger to "Wilmington Trust Company as Securities Intermediary."  (Exs. C, D, E, F.)  Wilmington Trust has remained the owner and beneficiary of record with Minnesota Life for both policies since July 2010, subject to the competing claims described herein.

15.     Wilmington Trust serves as ILSF's securities intermediary.  Wilmington Trust was designated as the record owner and record beneficiary of both policies after both policies were acquired for the benefit of ILSF.  Both policies were allegedly acquired from Progressive Capital Solutions, LLC ("Progressive Capital") for the benefit of ILSF through ILSF's agent, Wharton Capital Advisors Corporation.   ILSF has on at least two occasions asserted to Minnesota Life its claims and rights to the policies' proceeds.  (Exs. G, H.)

16.     In August 2010, Minnesota Life received documentation from Progressive Capital that the policies were sold in the secondary market.  (Exs. I, J.)

17.     With a letter to Minnesota Life dated December 27, 2011, CNF II Partners ("CNF") claimed an ownership or beneficial interest in both policies.  (Ex. K.)

18.     Both policies are or were part of the assets at issue in the consolidated cases of CMS Life Insurance Opportunity Fund, L.P. v. Progressive Capital Solutions, LLC and John Puglisi, Supreme Court of New York, County of New York, Index No. 653646/2011, filed on December 29, 2011, and Progressive Capital Solutions, LLC, Genesis Merchant Partners, LP, and Genesis Merchant Partners II, LP v. Progressive Capital Management Group, LLC, John Puglisi, and Edward Duran, Supreme Court of New York, County of New York, Index No. 650372/2012, filed on February 9, 2012.

19. According to the complaint in <u>CMS Life Insurance Opportunity Fund, L.P. v. Progressive Capital Solutions, LLC and John Puglisi</u>, Progressive Capital acted as the broker for CNF, which is allegedly owned and/or controlled by CMS Life Insurance Opportunity Fund, L.P. ("CMS"), in purchasing and selling various life insurance policies. Upon information and belief, this included the two Gettelfinger life insurance policies at issue herein. However, instead of buying and selling policies for the benefit of CNF, CMS alleges that Progressive Capital and its employee, John Puglisi, sold policies and kept the proceeds for themselves.

20. According to the complaint in <u>Progressive Capital Solutions, LLC, Genesis Merchant Partners, LP, and Genesis Merchant Partners II, LP v. Progressive Capital Management Group, LLC, John Puglisi, and Edward Duran</u>, Genesis made a series of loans to Progressive Capital between 2008 and 2011. Progressive Solutions' entire portfolio of life settlement insurance policies was allegedly assigned to Genesis in conjunction with the loans. Upon information and belief, this included the two Gettelfinger life insurance policies at issue herein. After Progressive Capital defaulted on the loans and a settlement agreement relating to the default on the loans, Genesis alleges that it obtained 100% ownership of Progressive Capital.

21. On August 1, 2012, Genesis sent a letter to Minnesota Life claiming an interest in both of the Gettelfinger life insurance policies. (Ex. L.)

22. On May 29, 2014, CMS and CNF signed documents irrevocably releasing and forever discharging all rights, titles, and interests to the Gettelfinger life insurance policies at issue herein. True and exact copies of these release documents are attached hereto as Exhibits M and N.

23. Genesis continues at the present time to pursue its claims to the Gettelfinger life insurance policies.

J CEW 143331 v1
2824965-000026  09/23/2014

24.     Mrs. Gettelfinger died on February 10, 2014.

25.     Beneficiary claim forms were sent to Wilmington Trust by Minnesota Life on February 25, 2014.  To date, those forms have not been completed and returned to Minnesota Life.

26.     In March 2014, Minnesota Life began having telephone conversations with Mr. Gettelfinger, or individuals acting on Mr. Gettelfinger's behalf, about the two Minnesota Life insurance policies naming Mrs. Gettelfinger as the insured.  Mr. Gettelfinger and/or his representatives questioned the assignment to SmartBank of $200,000.00 of Policy 015N and the sale of the policies to Progressive Capital and/or Wilmington Trust.

27.     Mr. Gettelfinger died on May 17, 2014.

28.     Thereafter, members of the Gettelfinger family and/or their representatives, including an attorney, have continued to raise questions about the assignment to SmartBank of $200,000.00 of Policy 015N and the sale of both policies to Progressive Capital and/or Wilmington Trust.  Among other things, the Gettelfinger family and/or their representatives have raised possible competency issues relating to Mr. Gettelfinger's ability to enter into transactions with SmartBank, Wilmington Trust, and Progressive Capital and undue influence issues with respect to the $200,000.00 SmartBank assignment.

29.     By reason of the conflicting claims of SmartBank, Wilmington Trust and ILSF, Genesis, and Mr. Gettelfinger's family to the proceeds of Policy 015N, Minnesota Life is in doubt as to who is entitled to be paid the life insurance benefits under that policy.  SmartBank claims $200,000.00 of the benefits while Wilmington Trust and ILSF, Genesis, and Mr. Gettelfinger's family, presumably on behalf of the Estate, all claim 100% of the $1.5 million in benefits.

J CEW 143331 v1
2824965-000026  09/23/2014

30. By reason of the conflicting claims of Wilmington Trust and ILSF, Genesis, and Mr. Gettelfinger's family to the proceeds of Policy 013N, Minnesota Life is in doubt as to who is entitled to be paid the life insurance benefits under that policy. Wilmington Trust and ILSF, Genesis, and Mr. Gettelfinger's family, presumably on behalf of the Estate, all claim 100% of the $1.5 million in benefits.

31. Minnesota Life acknowledges that the life insurance benefits from both policies should be paid and expressly disavows any interest in those benefits. Therefore, Minnesota Life will be filing a motion seeking permission to deposit with the Clerk of the United States District Court for the Eastern District of Tennessee the full amount of the life insurance benefits from both policies, with applicable interest. Minnesota Life will also move the Court for an order directing the Clerk to deposit all the funds in an interest-bearing account pending resolution of the competing claims of Defendants.

CLAIMS FOR INTERPLEADER

Count I: Policy 015N

32. Pursuant to Federal Rule of Civil Procedure 10(c), Minnesota Life hereby incorporates the allegations of Paragraphs 1 through 31 of this Complaint In Interpleader as if set forth fully herein.

33. The competing claims of SmartBank, Wilmington Trust and ILSF, Genesis, and the Estate to the proceeds of Policy 015N are such that MN Life is or may be exposed to double or multiple liability. SmartBank claims $200,000.00 of the benefits while Wilmington Trust and ILSF, Genesis, and the Estate all claim 100% of the $1.5 million in benefits.

34. SmartBank, Wilmington Trust and ILSF, Genesis, and the Estate should, therefore, be compelled to interplead their respective claims, and Minnesota Life should be

discharged by this Court of any further obligation to pay any benefits under Policy 015N to anyone and should be dismissed from this case with prejudice.

Count II: Policy 013N

35.    Pursuant to Federal Rule of Civil Procedure 10(c), Minnesota Life hereby incorporates the allegations of Paragraphs 1 through 31 of this Complaint In Interpleader as if set forth fully herein.

36.    The competing claims of Wilmington Trust and ILSF, Genesis, and the Estate to the proceeds of Policy 013N are such that Minnesota Life is or may be exposed to double or multiple liability.  Wilmington Trust and ILSF, Genesis, and the Estate all claim 100% of the $1.5 million in benefits.

37.    Wilmington Trust and ILSF, Genesis, and the Estate should, therefore, be compelled to interplead their respective claims, and Minnesota Life should be discharged by this Court of any further obligation to pay any benefits under Policy 013N to anyone and should be dismissed from this case with prejudice.

WHEREFORE, Minnesota Life prays for the following:

1.    SmartBank, Wilmington Trust and ILSF, Genesis, and the Estate be required to interplead and to settle between themselves their respective rights to the life insurance benefits payable under Policy 015N.

2.    Wilmington Trust and ILSF, Genesis, and the Estate be required to interplead and to settle between themselves their respective rights to the life insurance benefits payable under Policy 013N.

3.    Minnesota Life be granted permission to deposit with the Clerk the full amount of life insurance benefits at issue in this case ($3 million), along with applicable interest.

J CEW 143331 v1
2824965-000026  09/23/2014

4.      The Clerk be directed, upon tender by Minnesota Life of the life insurance benefits and interest, to deposit that sum in an interest-bearing account pending resolution of the competing claims of Defendants.

5.      Minnesota Life be discharged from any further liability under Policies 015N and 013N, be dismissed with prejudice from this matter, and be allowed to recover its costs and expenses incurred in bringing this action, together with reasonable attorneys' fees.

6.      The Court enter an order permanently enjoining and restraining Defendants and any other person unidentified at this time who has made a claim or who may make a claim to the interpleaded funds from taking any action or commencing or continuing any proceeding against Minnesota Life relating to the interpleaded funds, the life insurance benefits, or the life insurance policies.

7.      MN Life be awarded any and all other relief that this Court deems appropriate.

Respectfully submitted,

By:  s/Chad E. Wallace
Chad E. Wallace, BPR No. 021741
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
P.O. Box 3038
Johnson City, Tennessee  37602
Telephone:  (423) 928-0181
Facsimile:  (423) 979-7639
cwallace@bakerdonelson.com

*Counsel for Plaintiff*
  *Minnesota Life Insurance Company*