UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILMINGTON TRUST COMPANY, as ) <br> Securities Intermediary; FUND HOUSE ) <br> FCP-SIF-INTERNATIONAL LIFE ) <br> SETTLEMENTS FUND; GENESIS ) <br> MERCHANT PARTNERS, LP; ) <br> SMARTBANK; and J. RANDALL HOOPER ) <br> AND RICHARD J. GETTELFINGER, ) <br> Co-Executors of the Estate of HERMAN ) <br> GETTELFINGER, ) <br> ) <br> Defendants. ) | No.: 3:14-CV-443-TAV-CCS |

## **MEMORANDUM OPINION & ORDER**

This civil action is before the Court on Plaintiff Minnesota Life Insurance Company's Motion for Default Judgment as to Defendant Genesis Merchant Partners, LP [Doc. 44], in which plaintiff moves for entry of a judgment by default against defendant Genesis Merchant Partners, LP pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for failure to answer the complaint or otherwise defend this action. The Court has carefully considered the record as well as the relevant law, and for the reasons discussed herein, the Court will grant plaintiff's motion.

**I.     Background**

This interpleader action involves entitlements to benefits under two Adjustable Life Summit Policies that plaintiff issued on the life of Nancy H. Gettelfinger [Doc. 1 ¶

11].  As all of the defendants in this action have each claimed the proceeds of these policies, plaintiff instituted this suit in order to determine who is entitled to be paid the life insurance benefits under the policies [*Id.* ¶ 29].

Plaintiff served defendant's registered agent for service of process with the Complaint and Summons in this case by certified mail on September 29, 2014 [Doc. 8].  Plaintiff's counsel received a return receipt from defendant on October 6, 2014 [*Id.*].  Defendant has yet to plead or otherwise defend against the Complaint, and more than twenty-one days have passed since it was served with the Complaint and Summons.  Default was entered by the Clerk on December 1, 2015 [Doc. 43], followed by plaintiff's motion, which was filed on December 2, 2015 [Doc. 44].

In support of plaintiff's motion, plaintiff alleges that defendant, a Delaware limited partnership, is "not an infant or incompetent person and does not serve in the military" [Doc. 45 p. 2].  Plaintiff requests that the Court permanently enjoin and restrain defendant from instituting or prosecuting any proceeding in state or federal court that affects the property, instruments, or allegations involved in this action; bar defendant from interpleading in this action and asserting any claims or rights to the benefits at issue; and discharge plaintiff from any further liability under the policies as to defendant [Doc. 44 p. 2].

II. **Analysis**

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise

defend.  First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend.  Where, as here, default is entered by the Clerk, the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b).  The determination of whether a motion for default judgment should be granted is committed to "the sound discretion of the court."  *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55).

Once default has been entered, "'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'"  *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010)); *see also Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) ("For a default judgment, well-pleaded factual allegations are sufficient to establish a defendant's liability.").

Taking the allegations as true, and in light of defendant's failure to respond or otherwise defend this action, the Court finds that plaintiff is entitled to default judgment on its claims.  By failing to plead or otherwise defend against the interpleader complaint, defendant has forfeited any claim to entitlement that it could otherwise have asserted.  *See Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn.

3

Nov. 24, 2009) (granting a motion for a default judgment when defendant failed to plead or otherwise defend the interpleader claim); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust*, No. 1:08-CV-45, 2009 WL 1362067, at *5 (E.D. Tenn. May 13, 2009) (holding that defendant forfeited any claim she would otherwise have had as a surviving child in the suit when she failed to respond to the interpleader complaint); *SunLife Assur. Co. of Canada (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (finding that the defendants forfeited any claims to the proceeds of certain annuity contracts when they failed to answer the interpleader complaint or assert a claim to the res).

In sum, the Court finds the complaint in interpleader filed by Minnesota Life Insurance Company states a claim against defendant. As defendant has failed to answer the complaint or otherwise defend this action, plaintiff is discharged from any further liability to defendant under the policies at issue. Pursuant to 28 U.S.C. § 2361, defendant is permanently enjoined and restrained from instituting or prosecuting any proceeding in state or federal court that affects the property, instruments, or allegations involved in this action, and from interpleading in this action or asserting any claims or rights to the benefits at issue. *See Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844 (6th Cir. 2009) (citing 28 U.S.C. § 2361, which provides that "a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court").

### III. Conclusion

For the reasons explained herein, the Court hereby **GRANTS** Plaintiff Minnesota Life Insurance Company's Motion for Default Judgment as to Defendant Genesis Merchant Partners, LP [Doc. 44]. The Clerk is hereby **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant via regular U.S. mail and certified mail at its last known address.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE