UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-443-TAV-CCS |
| | ) | |
| WILMINGTON TRUST COMPANY, as | ) | |
| Securities Intermediary; FUND HOUSE | ) | |
| FCP-SIF-INTERNATIONAL LIFE | ) | |
| SETTLEMENTS FUND; GENESIS | ) | |
| MERCHANT PARTNERS, LP | ) | |
| SMARTBANK; and J. RANDALL HOOPER | ) | |
| and RICHARD GETTELFINGER, co-executors | ) | |
| of the Estate of HERMAN EDWARD | ) | |
| GETTELFINGER, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Orders of the Chief District Judge [Docs. 69, 75].

Now before the Court is the Plaintiff's Motion for Interpleader Relief as to Defendants J. Randall Hooper and Richard J. Gettelfinger, Co-executors of the Estate of Herman Edward Gettelfinger [Doc. 54], Motion for Disbursement of Funds [Doc. 56], and the Motion to Enforcement Settlement Agreement [Doc. 72]. The parties appeared before the Court on July 20, 2016, for a motion hearing. Attorney Chad Wallace appeared on behalf of the Plaintiff. Attorney Benjamin Jones appeared on behalf of Wilmington Trust Company and Fund House FCP-SIF-International Life Settlements Fund. Attorneys Gregory Casamento and R. James De Rose appeared telephonically on behalf of Wilmington Trust Company and Fund House FCP-SIF-International Life Settlements Fund. Attorney Tyler Huskey appeared on behalf of SmartBank.

Finally, Attorneys Lawrence Leibowitz and Brandon Tindell appeared on behalf of Richard Gettelfinger and J. Randall Hooper, the c=Co-executors of the Estate of Herman Edward Gettelfinger.

For the reasons explained below, the Court hereby recommends that Plaintiff's Motion for Interpleader Relief as to Defendants J. Randall Hooper and Richard J. Gettelfinger, Co-executors of the Estate of Herman Edward Gettelfinger [**Doc. 54**] be **GRANTED IN PART AND DENIED IN PART**, the Motion for Disbursement of Funds pursuant to Fed. R. Civ. P. 67(b) [**Doc. 56**] be **GRANTED**, and the Motion to Enforcement Settlement Agreement [**Doc. 72**] be **DENIED AS MOOT**.

I.  BACKGROUND

The Plaintiff filed a Complaint for interpleader relief on September 23, 2014, naming the following Defendants: Wilmington Trust Company ("Wilmington Trust"); Fund House FCP-SIF-International Life Settlements Fund ("Fund House"); Genesis Merchant Partners, LP ("Genesis"); SmartBank; and J. Randall Hooper and Richard J. Gettelfinger, co-executors of the Estate of Herman Edward Gettlefinger ("Co-executors"). The Co-executors filed cross-claims against Wilmington Trust, Fund House, and Genesis, alleging violations of the Tennessee Consumer Protection Act, the Tennessee Viatical Settlement Act, the Tennessee Securities Act, and federal securities laws.

On March 4, 2016, Judge Varlan entered a default judgment against Genesis. [Doc. 46] and dismissed the Co-executors cross-claims [Doc. 47].

II.  POSITIONS OF THE PARTIES

The Plaintiff's Motion [Doc. 54] requests that the Court permanently enjoin and restrain the Co-executors from instituting or prosecuting any proceeding in a state or United States court

affecting the property at issue. In addition, the Motion requests that the Court discharge the Plaintiff from any further liability under the life insurance policies involved in this case.

The Co-executors filed a Response [Doc. 57] arguing that while their cross-claims were dismissed, the Order was not clear as to whether the dismissal was with or without prejudice. Thus, the Co-executors assert, the Court must conclude that the dismissal was without prejudice. In addition, the Co-executors assert that the dismissal occurred prior to conducting any discovery. The Co-executors also argue that permanently enjoining them as the Plaintiff has requested is inequitable. The Co-executors request that the Motion be denied in its entirety, or alternatively, request that the decision on the Motion be reserved pending the final resolution of this case.

The Plaintiff filed a Reply [Doc. 62] stating that Judge Varlan's dismissal of the cross-claims was with prejudice and that the Co-executors are not clear it what type of discovery they would seek given that they have no viable claims.

Wilmington Trust and Fund House filed a Motion for Disbursement Funds Pursuant to Federal Rule of Civil Procedure 67(b) [Doc. 56] Fund House and Wilmington Trust argue that by dismissing the Co-executors' cross-claims, the Court has resolved the majority of the funds that Plaintiff has moved to deposit. The Motion requests that the Court deposit $2.8 million to Wilmington Trust.

The Plaintiff filed a Response [Doc. 61] stating that Fund House and Wilmington Trust's Motion is premature because the Court does not have any funds to deposit.[1] SmartBank also objected [Doc. 63] arguing that it was entitled to receive all the funds and that upon receipt of the proceeds, it will pay the persons entitled to receive the remaining amount. The Co-executors also

---

[1] On May 19, 2016, the Court ordered the Plaintiff to deposit the funds with the Court. [Doc. 70].

3

filed a Response [Doc. 64] arguing that the litigation process had not begun, so the questions of whether a disbursement should be made and to whom are still premature.

Fund House and Wilmington Trust filed a Reply [Doc. 66] arguing that the only competing claims to the $2.8 million were filed by the Co-executors, and the cross-claims were dismissed. They argue that the remaining dispute only involves the $200,000.00 claimed by SmartBank. Fund House and Wilmington Trust argue that SmartBank only has an assignment of the proceeds, not an assignment of the policy.

Finally, Fund House and Wilmington Trust filed a Motion to Enforcement Settlement Agreement [Doc. 72]. They assert that after the Co-executors' cross-claims were dismissed, the remaining parties entered into a confidential settlement agreement. The Motion states that the Co-executors have refused to sign the settlement agreement, claiming that the settlement agreement could interfere with the probate proceedings in Mississippi. The Motion requests that the Court enforce the parties' settlement agreement, or alternatively, dismiss the Co-executors from the lawsuit.

The Co-executors filed a Response [Doc. 78] arguing that they only preliminary agreed to the settlement agreement but reserved the right to approve the specific language of the settlement agreement. The Co-executors stated that their counsel in Mississippi, who is handling the probate matter, stated that the probate court must approve any settlement agreement or releases that they sign.

Fund House and Wilmington Trust filed a Response [Doc. 79] arguing that the only parties with claims to the proceeds have reached an agreement and that the Co-executors no longer have any interest left in this action. In addition, Fund House and Wilmington Trust argue that the Co-executors did agree to the settlement agreement.

## III. ANALYSIS

At the hearing, the Co-executors stated that they do not object to the settlement agreement, but they cannot sign it without the approval of the probate court in Mississippi. The Co-executors acknowledged that the Chief District Judge dismissed their cross-claims. The Plaintiff stated that in order to expedite this matter, it would agree to narrow its request made in its Motion for Interpleader Relief to dismissing the Co-executors as parties to this case. Finally, SmartBank, Fund House, and Wilmington Trust reported that they had reached a settlement agreement wherein SmartBank would receive $175,000.00 and Fund House and/or Wilmington Trust would receive $2,825,000.00, along with any accrued interest. The parties explained that Wilmington Trust is a securities intermediary and that the Court could deposit the funds with Fund House in care of Lock Lorde, LLP. The parties stated that Doc. 71 explained how the proceeds should be distributed.

The Court has considered the parties' briefing, along with the oral arguments presented at the hearing. The Court recommends that the Plaintiff's Motion [Doc. 54] be granted in part and denied in part. All the parties, except the Co-executors and Genesis, have agreed to the settlement of funds in this case. With respect to Genesis, the Chief District Judge entered a default judgment against it on March 4, 2016. [Doc. 46]. With respect to the Co-executors in this case, the Chief District Judge dismissed their cross-claims [Doc. 48], and they only remain in this case as defendants. Based on Judge Varlan's Order denying the Co-executors' cross-claims, it appears that the agreed upon distribution of the insurance proceeds is appropriate in that SmartBank should take $175,000.00 and Fund House and Wilmington Trust should take the remaining $2,825,000.00, along with any accrued interest, and that the Co-executors should take $0.00.

Further, it appears that the Plaintiff has agreed to a full and final settlement and dismissal of Fund House, Wilmington Trust, and SmartBank as part of the settlement. In addition, it appears, by virtue of the settlement agreement, the Plaintiff has no interest in pursuing the Co-executors. Accordingly, the Plaintiff has moved to dismiss the Co-executors as Defendants, and the Court agrees that the Defendants should be dismissed by virtue of the Plaintiff having no further action against them. The Court recommends that the Co-executors should be discharged from any further liability, and the Plaintiff should be discharged from any further liability with respect to the insurance proceeds. However, the Court does not see the need to order a preliminary injunction or restraining order against the Co-Executors at this time, and therefore, that request should be denied.

## IV. CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[2] that Plaintiff's Motion for Interpleader Relief as to Defendants J. Randall Hooper and Richard J. Gettelfinger, Co-executors of the Estate of Herman Edward Gettelfinger [**Doc. 54**] be **GRANTED IN PART AND DENIED IN PART**, the Motion for Disbursement of Funds pursuant to Fed. R. Civ. P. 67(b) [**Doc. 56**] be **GRANTED**, and the Motion to Enforcement Settlement Agreement [**Doc. 72**] should be **DENIED AS MOOT.** It is further recommended that the proceeds from the policies be distributed as follows:

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

6

1. SmartBank should receive $175,000.00 of the policy proceeds on Policy No. 2-350-013N; and

2. Fund House FCP-SIF-International Life Settlements Fund should take the balance of the policy proceeds from Policy No. 2-350-013N and 2-348-015N equaling $2,825,000.00 and all interest accrued on the policy proceeds. The proceeds shall be distributed in care of Locke Lord, LLP.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge